# EXHIBIT A

BRUCE L. RICHARDS (2737)
DEAN A. STUART (7640)
BRUCE L. RICHARDS & ASSOCIATES
455 East 500 South #401
Salt Lake City, UT 84111
(801) 972-0307
Attorneys for Plaintiff

IN THE SECOND JUDICIAL DISTRICT COURT IN AND FOR

DAVIS COUNTY, STATE OF UTAH, FARMINGTON DEPARTMENT

| | |
|---|---|
| GOLDENWEST FEDERAL CREDIT UNION, | SUMMONS |
| Plaintiff. | Case Number: 170700857 Judge: Glen R. Dawson |
| vs. | |
| CINCINNATI INSURANCE COMPANY, | |
| Defendant. | |

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT, CINCINNATI INSURANCE COMPANY:

You are hereby summoned and required to file an answer in writing to the attached complaint with the clerk of the above-entitled court at the Second District Court, 800 West State Street, Farmington, UT 84025, and to serve upon or mail to Bruce L. Richards, plaintiff's attorney, 455 East 500 South, Suite 401, Salt Lake City, UT 84111, a copy of your answer, within twenty-one (21) days after service of this summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in said complaint, which has been filed with the clerk of said court and a copy of which is hereto annexed and herewith served upon you.

DATED this 1st day of August, 2017.

BRUCE L. RICHARDS & ASSOCIATES

Serve: Cincinnati Ins. Co.
     c/o Litchfield Cavo LLP
     420 E. South Temple St. #510
     SLC, UT 84111

/s/ Bruce L. Richards
Attorney for Plaintiff

BRUCE L. RICHARDS (2737)
DEAN A. STUART (7640)
BRUCE L. RICHARDS & ASSOCIATES
455 East 500 South #401
Salt Lake City, UT 84111
(801) 972-0307
Attorneys for Plaintiff

IN THE SECOND JUDICIAL DISTRICT COURT IN AND FOR

DAVIS COUNTY, STATE OF UTAH, FARMINGTON DEPARTMENT

| | |
|---|---|
| GOLDENWEST FEDERAL CREDIT UNION, <br><br> Plaintiff. <br><br> vs. <br><br> CINCINNATI INSURANCE COMPANY, <br><br> Defendant. | COMPLAINT <br><br> Case Number: 170700857 <br> Judge: Glen R. Dawson |

Goldenwest Federal Credit Union (hereinafter referred to as "Goldenwest") alleges and

complains of Defendant Cincinnati Insurance Company (hereinafter referred to as "Cincinnati

Insurance") as follows:

## GENERAL ALLEGATIONS

1.      Goldenwest is a federally chartered Credit Union authorized to and doing business

in Davis County, Utah.

2.      Defendant Cincinnati Insurance Company corporation authorized to and doing

business in Davis County, Utah.

3.      Jurisdiction and venue are proper in this Court because the allegations complained

of occurred in Davis County, Utah.

4.      Cincinnati Insurance issued to Eagleridge Tennis Club, Inc. Fitness and

Recreation Policy Number 000 78 08 to Eagleridge Tennis Club, Inc. dba Eagleridge Tennis and

Swim and to Sankis LLC (the "Policy").

5.      The Policy was in full force and effect on August 5, 2014 and since that date to

the present.

6.      Goldenwest is the Mortgagee and Loss Payee on the Policy.

7.      On August 5, 2014, an incident involving the hillside above the insureds' tennis

club in North Salt Lake City, Utah occurred.

8.      The incident involving earth sliding down the hillside and onto the insureds'

property.

9.      The August 5, 2014 incident is the subject matter of civil action 150700392 now

pending in the Second Judicial District Court.

10.     Cincinnati Insurance is defending the insureds in the Counterclaim and Third

Party Complaint in Civil Action 150700392.

11.     The insureds filed a claim for losses occurring from the incident.

12.     The insureds' claim was denied.  The claim was denied based on the Earth

Movement exclusion contained in Section A Coverage 3 Covered Causes of Loss, b. Exclusions

(1) (b) Earth Movement of the Policy.

13.     The Policy provides in Section E. Additional Conditions 2 Mortgage Holders of

the Building and Personal Property Coverage Form for mortgage holder coverage.

14.     The Policy provides that the mortgage holder has the right to receive loss payment

even if Cincinnati Insurance denies the claim because of the acts of the insured.

15.     The allegations of the SKY Properties Counterclaim, the North Salt Lake Third

Party Complaint and possibly other claims against the insureds in the Second District Court

litigation include allegations against the insureds regarding the cause of the August 5, 2014

incident.

16.     The SKY Properties Counterclaim against Sankis and Eagleridge (S&E) states the

following facts:

> 21.     Upon acquiring these lots, S&E developed them for the
> construction of the Club.
>
> 22.     In S&E's efforts to expand the parking and to flatten more of the
> land for the installation of additional tennis courts, the toe of the existing 2H:1V
> slope of the hillside was cut and 15' to 20' high retaining walls were constructed.
>
> 23.     This excavation of material from the toe of the slope and
> placement of retaining walls adversely impacted the slope's stability by, among
> other things, removing lateral support of the hill and rendering the slope unable to
> maintain its grade and structure.
>
> 24.     As a result of this instability and lack of lateral support, on the
> morning of August 5, 2014, a Landslide occurred south of Parkway Drive,
> damaging the real and personal property of Eaglepointe, the Landowners and
> others.

17.     The Counterclaim of North Salt Lake against Sankis and Eagleridge Tennis

contains the following allegations:

> 8.     After purchasing lots from the Developers, in 2005 and 2006 the
> Tennis Club undertook development of tennis courts, a clubhouse, parking lots
> and related facilities at the bottom of the Hillside. The Tennis Club knew that the
> property it was developing was located in a geologically sensitive area prone to
> slides and similar events. At the time the Tennis Club undertook its development,
> the Hillside was only marginally stable.
>
> 9.     During the Tennis Club's development activities, and apparently in
> association with the Tennis Club's grading of its site, the Tennis Club cut the toe
> of the slope beneath the City's property, and as a result, at least two small shallow
> slope failures occurred on the Hillside immediately upslope from the Tennis
> Club's southernmost tennis court and parking lot.

10.     Subsequently, the Tennis Club re-graded the area of the Hillside that experienced the slope failures, and further cut the toe of the slope and Hillside by installing 15' to 20' high retaining walls at the toe of the slope.

11.     The Tennis Club's grading activities, excavation of material from the toe and construction of retaining walls removed lateral and subjacent support from the City's property and reduced the marginal stability of the whole hillside causing or contributing significantly to the slope becoming unstable and eventually resulting in the Landslide.

18.     Goldenwest made demand on Cincinnati Insurance for Goldenwest's loss in the amount of $1,973,368.99.

19.     Cincinnati Insurance denied Goldenwest's claim based on the "earth movement" exclusion of the Policy.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment)

20.     Goldenwest incorporates by reference Paragraphs 1 through 19 of this Complaint.

21.     Goldenwest met all of the Policy requirements for coverage under the mortgagee coverage of the Policy.

22.     Goldenwest made demand on Cincinnati Insurance for a determination that its losses were covered under the Policy.

23.     Cincinnati Insurance denied the demand made by Goldenwest based on Cincinnati Insurance's interpretation of the Policy.

24.     Goldenwest is entitled to declaratory judgment in its favor declaring Goldenwest's damages in accordance with the mortgagee coverage of the Policy to be covered by the Policy.

25.     Goldenwest is entitled to declaratory judgment in its favor declaring Goldenwest's damages to be covered by other provisions of the Policy.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

26.     Goldenwest hereby incorporates by reference paragraphs 1 through 25 of this Complaint.

27.     Goldenwest was insured as Mortgagee under the Policy.

28.     Goldenwest incurred or will incur property damages as a result of the August 5, 2014 incident.

29.     Goldenwest's losses are covered by the Policy.

30.     Goldenwest is entitled to recover its damages in an amount to be established at trial from Cincinnati Insurance.

31.     Goldenwest is entitled to judgment against Cincinnati Insurance for the amount of its damages together with interest at the highest legal rate from the date the damages were incurred until the date paid.

incurred in this action.

WHEREFORE, Goldenwest prays for judgment against the Cincinnati Insurance as follows:

1.     On the First Cause of Action for declaratory judgment against Cincinnati Insurance declaring Goldenwest's losses from the August 5, 2014 incident to be covered by the Policy's mortgage holder coverage or other coverage;

2.     On the Second Cause of Action for judgment against Cincinnati Insurance in an amount to be proven at trial, together with interest at the highest legal rate from the date the

damages were incurred until the date paid;

    3.      For costs of Court; and

    4.      For such other and further relief as the Court deems just and equitable.

DATED this 1st day of August, 2017.

                                  BRUCE L. RICHARDS & ASSOCIATES


                                  /s/ Bruce L. Richards
                                  Attorney for Plaintiff