Vincent J. Velardo (13610)
Thomas J. Rollins (14773)
**LITCHFIELD CAVO, LLP**
420 E. South Temple, Suite 510
Salt Lake City, Utah 84111
Phone: 801-410-4982
velardo@litchfieldcavo.com
rollins@litchfieldcavo.com

Attorneys for Defendant
Cincinnati Insurance Company

# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| GOLDENWEST FEDERAL CREDIT UNION, <br><br> Plaintiff, <br> v. <br><br> CINCINNATI INSURANCE COMPANY, <br><br> Defendant. | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** <br><br> Case No.: 1-17-cv-00170-DB <br><br> Judge Dee Benson |

Defendant, The Cincinnati Insurance Company (hereinafter referred to as Cincinnati), by its attorneys, LITCHFIELD CAVO LLP, answering the Plaintiff's Complaint, states as follows:

1.  In response to paragraph 1 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

2. In response to paragraph 2 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

3. In response to paragraph 3 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

4. Defendant admits the allegations in paragraph 4 of the Complaint.

5. In response to paragraph 5 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

6. In response to paragraph 6 of the Complaint, Defendant states the allegations therein are legal conclusions and require no response. To the extent a response is required, the policy speaks for itself.

7. In response to paragraph 7 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

8. In response to paragraph 8 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

9. In response to paragraph 9 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

10. In response to paragraph 10 of the Complaint, Defendant admits that Eagleridge is being defended pursuant to the terms and conditions under its liability policy.

11. In response to paragraph 11 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

12. In response to paragraph 12 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

13. In response to paragraph 13 of the Complaint, Defendant states the allegations therein are legal conclusions and require no response. To the extent a response is required, the policy speaks for itself.

14. In response to paragraph 14 of the Complaint, Defendant states the allegations therein are legal conclusions and require no response. To the extent a response is required, the policy speaks for itself.

15. In response to paragraph 15 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

16. In response to paragraph 16 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

17. In response to paragraph 17 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

18. In response to paragraph 18 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

19. In response to paragraph 19 of the Complaint, Defendant states the allegations therein are legal conclusions and require no response. To the extent a response is required, the policy speaks for itself.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)

20. Cincinnati incorporates by reference Paragraphs 1 through 19 of it Answer to this Complaint.

21. In response to paragraph 21 of the Complaint, Defendant states the allegations therein are legal conclusions and require no response. To the extent a response is required, the policy speaks for itself.

22. In response to paragraph 22 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

23. In response to paragraph 23 of the Complaint, Defendant states the allegations therein are legal conclusions and require no response. To the extent a response is required, the policy speaks for itself.

24. In response to paragraph 24 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

25. In response to paragraph 25 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

### SECOND CAUSE OF ACTION
### (Breach of Contract)

26. Cincinnati incorporates by reference Paragraphs 1 through 25 of it Answer to this Complaint.

27. In response to paragraph 27 of the Complaint, Defendant states the allegations therein are legal conclusions and require no response. To the extent a response is required, the policy speaks for itself.

28. In response to paragraph 28 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

29. In response to paragraph 29 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

30. In response to paragraph 30 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

31. In response to paragraph 31 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

### AS AND FOR THE FIRST COMPLETE AFFIRMATIVE DEFENSE

32. Plaintiff's Complaint is barred to the extent its Complaint fails to plead sufficient facts to state a claim upon which relief can be granted against Cincinnati.

### AS AND FOR THE SECOND COMPLETE AFFIRMATIVE DEFENSE

33. Plaintiff's Complaint is barred by the equitable doctrine of laches, waiver, estoppel and/or the doctrine of unclean hands.

### AS AND FOR THE THIRD COMPLETE AFFIRMATIVE DEFENSE

34. There is no coverage for the underlying claims of Plaintiff under the Cincinnati policy to the extent there was a negligent or intentional failure to disclose and/or a negligent or intentional concealment, misrepresentation or omission of, facts material to the risks at issue for purposes of inducing Cincinnati to sell its policy.

### AS AND FOR THE FOURTH COMPLETE AFFIRMATIVE DEFENSE

35. There is no coverage for the underlying claims of Plaintiff under Cincinnati's policy to the extent there has not been an occurrence within the meaning of Cincinnati's policy and/or to the extent any occurrence referred to in Plaintiff' Complaint occurred prior to the inception of or after the expiration of the policy period.

### AS AND FOR THE FIFTH COMPLETE AFFIRMATIVE DEFENSE

36. The complaint is barred pursuant to the applicable Statute of Limitations.

### AS AND FOR THE SIXTH COMPLETE AFFIRMATIVE DEFENSE

37.     There is no coverage for the underlying claims of Plaintiff under the Cincinnati policy to the extent that such underlying claims arose out of intentional, willful, wanton, reckless, or grossly negligent conduct, or conduct in violation of public policy or in violation of federal, state, or local law or statute, by the Plaintiff or others from whom they claim to have acquired rights.

### AS AND FOR THE SEVENTH COMPLETE AFFIRMATIVE DEFENSE

38.     There is no coverage for the underlying claims of Plaintiff under the Cincinnati policy to the extent Plaintiff seeks coverage for claims for equitable or injunctive relief.

### AS AND FOR THE EIGHTH COMPLETE AFFIRMATIVE DEFENSE

39.     There is no coverage for the underlying claims of Plaintiff under the Cincinnati policy as a matter of public policy to the extent the claims seek coverage for fines, penalties and/or punitive or exemplary damages.

### AS AND FOR THE NINTH COMPLETE AFFIRMATIVE DEFENSE

40.     There is no coverage for the underlying claims of Plaintiff under the Cincinnati policy to the extent that Plaintiff has failed to give timely and/or proper notice to Cincinnati in accordance with the terms and conditions of the Cincinnati policy.

### AS AND FOR THE TENTH COMPLETE AFFIRMATIVE DEFENSE

41.     There is no coverage for the underlying claims of Plaintiff under the Cincinnati policy to the extent there has been a failure to assist or otherwise cooperate with Cincinnati, a failure to provide information/documentation when requested, and/or a failure to otherwise perform all obligations and conditions under the Cincinnati policy.

## AS AND FOR THE ELEVENTH COMPLETE AFFIRMATIVE DEFENSE

42. There is no coverage for the underlying claims of Plaintiff under the Cincinnati policy to the extent Plaintiff seeks coverage for claims which are not covered or fall within applicable exclusions contained in the Cincinnati policy.

## AS AND FOR THE TWELFTH COMPLETE AFFIRMATIVE DEFENSE

43. There is no coverage for the underlying claims of Plaintiff under the Cincinnati policy to the extent there has been a failure to mitigate.

## AS AND FOR THE THIRTEENTH COMPLETE AFFIRMATIVE DEFENSE

44. Plaintiff's Complaint is subject to dismissal to the extent there are no actual or justifiable controversies involving the Cincinnati policy.

## AS AND FOR THE FOURTEENTH COMPLETE AFFIRMATIVE DEFENSE

45. Plaintiff's Complaint is barred and/or limited to the extent Plaintiff, or others, whom they claim to have acquired rights, has made payments, assumed liabilities or obligations, incurred expenses, or entered into settlements, without the express consent or agreement of Cincinnati.

## AS AND FOR THE FIFTEENTH COMPLETE AFFIRMATIVE DEFENSE

46. Plaintiff's complaint is barred and/or limited to the extent Plaintiff, or others, from whom they claim to have acquired rights, have settled, released, compromised, destroyed, lost, interfered with, diminished, or otherwise impaired Cincinnati's subrogation rights.

## AS AND FOR THE SIXTEENTH COMPLETE AFFIRMATIVE DEFENSE

47. There is no coverage for the underlying claims against Plaintiff under the Cincinnati policy under the doctrine of known risk to the extent that Plaintiff, or others from

whom it claims to have acquired rights, knew or should have known, prior to the inception of the Cincinnati policy, of the existence of, or potential for, occurrences, claims, or suits for which they now seek coverage.

### AS AND FOR THE SEVENTEENTH COMPLETE AFFIRMATIVE DEFENSE

48. There is no coverage for the underlying claims of Plaintiff under the Cincinnati policy to the extent that Plaintiff seeks coverage for liabilities that are not within the meaning of "ultimate net loss" as that term as used by the Cincinnati policy.

### AS AND FOR THE EIGHTEENTH COMPLETE AFFIRMATIVE DEFENSE

49. There is no coverage for the underlying claim of Plaintiff under the Cincinnati policy to the extent that Plaintiff seeks coverage for expenses when such expenses are included in other valid and collectible insurance.

### AS AND FOR THE NINETEENTH COMPLETE AFFIRMATIVE DEFENSE

50. There is no coverage for the underlying claims of Plaintiff under the Cincinnati policy to the extent Plaintiff herein must assume responsibility or liability for periods of self-insurance and/or retentions and deductibles.

### AS AND FOR THE TWENTIETH COMPLETE AFFIRMATIVE DEFENSE

51. There is no coverage for the underlying claims of Plaintiff under the Cincinnati policy to the extent Plaintiff fails to sustain their burden of proving the terms and conditions of the Cincinnati policy are applicable herein.

### AS AND FOR THE TWENTY-FIRST COMPLETE AFFIRMATIVE DEFENSE

52. There is no coverage for the underlying claims of Plaintiff under the Cincinnati policy by the terms, conditions, exclusions and other provisions of policies to which the

Cincinnati policy follows form, and Cincinnati hereby reserves its right to rely upon any and all defenses that exist by virtue of such other terms, conditions, exclusions and provisions.

### AS AND FOR THE TWENTY-SECOND COMPLETE AFFIRMATIVE DEFENSE

53. There is no coverage for the underlying claims as there was no physical loss or damage suffered by Plaintiffs.

### AS AND FOR THE TWENTY-THIRD COMPLETE AFFIRMATIVE DEFENSE

54. Because Plaintiff's complaint is vague, ambiguous, and does not adequately describe the underlying claims with sufficient particularity to enable Cincinnati to determine all of its applicable defenses, Cincinnati hereby reserves the right to assert any and all additional defenses in the future.

**WHEREFORE,** Defendant demands judgment dismissing the Complaint against this Defendant, Cincinnati, together with the costs and disbursements of this action.

Dated: Salt Lake City, Utah
November 7th, 2017

Respectfully submitted,

LITCHFIELD CAVO LLP

By: /s/ Vincent J. Velardo
Vincent J. Velardo
Thomas J. Rollins
420 East South Temple, Suite 510
Salt Lake City, Utah 84111
(801) 410-4982
*Attorneys for Defendant*
*CINCINNATI INSURANCE COMPANY*

TO:    Bruce L. Richards
Dean A. Stuart
BRUCE L. RICHARDS & ASSOCIATES
455 East 500 South
Salt Lake City, UT 84111
*Attorney for Plaintiff*
Via ECF