IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GOLDENWEST FEDERAL CREDIT UNION, <br><br> Plaintiff, <br><br> v. <br><br> CINCINNATI INSURANCE COMPANY, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 1:17-cv-170-DB <br><br> District Judge Dee Benson |

Before the court is Defendant's Motion for Summary Judgment. (Dkt. No. 18.) The motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

## FACTS

This is an action to determine insurance coverage. (Complaint, Dkt. No. 3.) Cincinnati Insurance Company ("Cincinnati") is a liability insurance provider. (*Id.*, ¶ 4.) Eagleridge Tennis Club, Inc. dba Eagleridge Tennis and Swim ("Eagleridge"), not a party to this action, maintained a liability insurance policy through Cincinnati, policy number 000 78 08 (the "Policy"). (*Id.*) Goldenwest Federal Credit Union ("Goldenwest") is the mortgagee of the property covered by the Policy. (*Id.* ¶ 6.)

In 2014, Eagleridge excavated near a hillside of its property in an attempt to expand its tennis courts and parking lot. (*Id.* ¶ 16.) By cutting away at the hillside, Eagleridge compromised the stability of the hillside, causing a landslide on August 5, 2014. (*Id.*) Eagleridge submitted a claim for coverage to Cincinnati. (*Id.* ¶ 18.)

Cincinnati denied the claim pursuant to a Policy exclusion for "earth movement". (*Id.* ¶ 19.) Section A. 3 of the Policy defines "covered loss" as "RISK OF DIRECT PHYSICAL LOSS unless the loss is: (1) Excluded in Section A. Coverage, 3. Covered causes of Loss, b. Exclusions." The referenced section b Exclusions (1) provides:

> We will not pay for "loss" caused directly or indirectly by any of the following, unless otherwise provided. Such 'loss' is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the 'loss.
> 
> \* \* \* \* \*
> 
> (b) Earth Movement
> 
> 1) Earthquake, including any earth sinking, rising or shifting related to such event;
> 
> 2) Landslide, including any earth sinking, rising or shifting related to such event;
> 
> 3) Mine subsidence, meaning subsidence of a man-made mine, whether or not mining activity has ceased;
> 
> 4) Earth sinking (other than "sinkhole collapse"), rising or shifting including soil conditions which cause settling, cracking or other disarrangement of foundations or other parts of realty. Soil conditions include contraction, expansion, freezing, thawing, erosion, improperly compacted soil and the action of water under the ground surface.
> 
> (Dkt. No. 18-1, Exh. B, Section A. 3. b.)

Eagleridge did not challenge the denial of coverage determination within the three-year statute of limitations. (Dkt. No. 22, p. 7.)

Goldenwest has alleged that it has independent coverage under the Mortgage Holder Clause of the Policy, which states:

> 2. Mortgage Holders
>
> a. The term 'mortgage holder' includes trustee.
>
> b. We will pay for covered 'loss' to buildings or structures to each mortgage holder shown in the Declarations in their order of precedence, as interests may appear.
>
> c. The mortgage holder has the right to receive loss payment even if the mortgage holder has started foreclosure or similar action on the building or structure.
>
> d. If we deny your claim because of your acts or because you have failed to comply with the terms of this Coverage Part, the mortgage holder will still have the right to receive loss payment if the mortgage holder:
>
>> (1) Pays any premium due under this Coverage Part at our request if you have failed to do so;
>>
>> (2) Submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so; and
>>
>> (3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the mortgage holder
>
> All of the terms of this Coverage Part will then apply directly to the mortgage holder.
>
> e. If we pay the mortgage holder for any 'loss' and deny payment to you because of your acts or because you have failed to comply with the terms of this Coverage Part:
>
>> (1) The mortgage holder's rights under the mortgage will be transferred to us to the extent of the amount we pay; and
>>
>> (2) The mortgage holder's right to recover the full amount of the mortgage holder's claim will not be impaired.
>
> At our option, we may pay to the mortgage holder the whole principal on the mortgage plus any accrued interest. In this event, your mortgage and note will be transferred to us and you will pay your remaining mortgage debt to us.

(Dkt. No. 18-1, Ex. B, Section E. 2.)

In support of its assertion that the Mortgage Holder clause applies to it, Goldenwest submitted an "Evidence of Property Insurance," dated 04/29/2016, for Policy Number QT0112TC. (Dkt. No. 22, Exh. A.) That document lists Cincinnati as the "issuing" company and Goldenwest as "Mortgagee" and "Loss Payee". (*Id.*) Goldenwest is not mentioned anywhere in

3

the Policy named in the Complaint, nor is it listed on the Declarations of the Policy. (Dkt. No. 18-1.)

DISCUSSION

Federal Rule of Civil Procedure 56 permits the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990).

Goldenwest has argued that a loss excluded by the Policy is nevertheless covered for mortgage holders, if that loss was caused by an action of the insured. Goldenwest's argument fails for two reasons. First, Goldenwest was not named as a mortgage holder in the Policy Declarations. The Policy provides that Cincinnati "will pay for covered 'loss' to buildings or structures to each mortgage holder shown in the Declarations in their order of precedence, as interests may appear." (Dkt. No. 18-1, Exh. B, Sec. E. 2.) Goldenwest is not shown in the Declarations, and so does not qualify as a mortgage holder entitled to payment under the Policy. Goldenwest's submission of an Evidence of Property Insurance for a different policy dated nearly a year after the incident in question (Dkt. No. 22, Exh. A) does not create a dispute of fact with respect to its lack of mortgage holder status.

Second, even assuming that the mortgage holder provision applies to Goldenwest, the Policy specifically provides that it will only pay for "covered 'loss'…to each mortgage

4

holder…." (Dkt. No. 18-1, Ex. B, Section E. 2.) The definition of a covered "loss" specifically excludes "Earth Movement"—the reason that coverage was denied to Eagleridge. Eagleridge did not challenge that determination, and Goldenwest has not provided any facts or argument to support a finding that the landslide was not properly excluded from coverage under that provision. Accordingly, Defendant's Motion for Summary judgment is well taken.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Dkt. No. 18) is hereby GRANTED.

DATED this 28th day of October, 2019.

BY THE COURT:

_Dee Benson_
Dee Benson
United States District Judge